GILBERT EISENBERG (SBN 28900)
LAW OFFICES OF GILBERT EISENBERG
819 Eddy Street
San Francisco, CA 94109
Telephone (415) 433-3476
Email: gilbert.eisenberg@gmail.com

MICHAEL STEPANIAN (SBN 37712)
LAW OFFICES OF MICHAEL STEPANIAN
819 Eddy Street
San Francisco, CA 94109
Telephone (415) 771-6174
Email: ms@mstepanian.com

Attorneys for Defendant
NICK JAMES BOVIS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NICK JAMES BOVIS ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 3:20-CR-00204-WHO <br><br> **DEFENDANT'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM** |

Defendant NICK JAMES BOVIS, by and through counsel, respectfully submits this reply to the Government's Sentencing Memorandum to assist the Court in reaching a fair and appropriate sentence, pursuant to the 18 U.S.C. § 3553(a) factors, in this case.

## I. MR. BOVIS' COOPERATION BEGAN IMMEDIATELY AFTER HIS ARREST

The government states in its Sentencing Memorandum that Mr. Bovis began cooperating with the government "within weeks" of being charged. (ECF 83, p. 9). This is misleading. It minimizes both his value to the government's case and the urgency of the government's need for his cooperation. Other than the initial 75-page Complaint, Mr. Bovis had been given no information about the evidence in the government's case, so he took an enormous risk at his debriefing.

Mohammed Nuru had previously agreed to cooperate under conditions that he would not disclose his cooperation to anyone. On January 27, 2020, the government learned that Mr. Nuru had already violated his agreement and compromised the investigation by making the investigation known to city officials and other potential targets and by lying about it to the government. The safety of the agents serving search warrants was put at risk. Evidence could be lost or destroyed. As a result, the San Francisco public corruption scandal was about to become front page news. The government desperately needed a credible insider to cooperate.

Mr. Bovis was arrested at 5:00 pm on January 27, 2020. He made his first court appearance on January 28, 2020. The government insisted that it needed Mr. Bovis' cooperation within 24 hours. Mr. Bovis made his initial proffer at 3:00 p.m. on January 29, 2020. He made his second proffer one week later. Mr. Bovis continued to meet with the government, formally and informally, on demand. He stood ready to testify at jury trial in the Matter of *United States v. Porter* 22-CR-0270 WHO. Mr. Bovis told the truth throughout and salvaged an otherwise compromised investigation.

## II. THE RELEASE OF CONFIDENTIAL INFORMATION BY THE GOVERNMENT

In its sentencing memo, which is a public document, and would be read by the press, the government made a point of stating an estimate of Mr. Bovis' net worth.[1] (ECF 83, p. 11). This information came from the presentence report, a confidential document that is not readily available to the press or the public. *See U.S. v. Schlette*, 842 F.2d 1574, 1579 (9th Cir. 1988). It suggests that Mr. Bovis profited from his involvement in this case. There is no legitimate reason to put that kind of information in a sentencing memo. If the government wished to point out that Mr. Bovis could afford to pay a fine[2], it could have simply referred the Court to the appropriate section of the presentence report (PSR ¶ 70). To throw out a confidential number to the public and potentially to the press in a case which has been used to generate an enormous amount of publicity is a breach of Mr. Bovis' right to privacy. It impacts not only Mr. Bovis, but his family.

## III. THE ONGOING NEGATIVE PUBLICITY IS PUNISHMENT ENOUGH

From the day Mr. Bovis was arraigned in this case, to the present day, he has been made the public face of the corruption scandal, on par with Mohammed Nuru who was the heart of it. Every possible aspect of his case has been publicized. Even Mr. Bovis' cooperation was made public in a May 13, 2020, press release in an effort to get others to admit their involvement. Almost every time a new person involved in this case is charged, or pleads, or is sentenced, the news names Mr. Bovis and

---

[1] This information was published in a local newspaper the day after sentencing memos were filed.

[2] Mr. Bovis does not dispute that he has the ability to pay a fine, nor did he ask the Court not to impose one. The amount of the fine is an open issue.

3
DEFENDANT'S REPLY TO GOVERNMENT SENTENCING MEMORANDUM
20-CR-00204-WHO

rehashes everything that has gone before. There are still defendants who have not been sentenced. Mr. Bovis and his family will doubtless continue to be subjected to press releases and news coverage for the foreseeable future. Mr. Bovis has been punished in the public eye over and over again. This ongoing damage to Mr. Bovis' public persona has done far more to punish Mr. Bovis than a prison term could do.

## IV. CONCLUSION

For the above reasons, the Court is respectfully requested to fashion a non-custodial sentence with appropriate conditions that would be "sufficient, but not greater than necessary" to effectuate justice and satisfy the sentencing factors set forth at 18 U.S.C. §3553(a).

Date: March 5, 2024                     Respectfully submitted:

                                        By    /s/Gilbert Eisenberg
                                              GILBERT EISENBERG

                                        By    /s/Michael Stepanian
                                              MICHAEL STEPANIAN

                                              Attorneys for Defendant
                                              NICK JAMES BOVIS